1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| MARILYN MENDOZA, | Case No.: 21-cv-00991-H-JLB |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, | [Doc. No. 3.] |
| Defendants. | |

18
19
20
21
22
23

On August 13, 2021, Defendant Louis DeJoy, Postmaster General of the United States Postal Service, filed a partial motion to dismiss Plaintiff Marilyn Mendoza's complaint. (Doc. No. 3.) On September 3, 2021, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 4.) On September 13, 2021, Defendant filed a reply. (Doc. No. 5.) On September 29, 2021, the Court took the matter under submission. (Doc. No. 8.) For the reasons below, the Court denies Defendant's motion to dismiss.

24

## Background

25
26
27
28

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff is a female who was born in Manila, Philippines, and she classifies herself as Filipino, Pacific Islander. (Doc. No. 1, Compl. ¶ 5.) Plaintiff is an employee of the United States Postal Service. (Id. ¶ 6.)

On or about March 30, 2020, Plaintiff was reassigned to a new position as a Caller Service Clerk ("CSC").  (Id. ¶ 8.)  Foster Ladell Williams, an African American male, was Plaintiff's main supervisor.  (Id. ¶ 7.)  In taking this position, Plaintiff replaced Alfredo Lopez, who retired as a CSC and who is a male of Hispanic dissent and classifies as Mexican American.  (Id. ¶ 9.)

Plaintiff alleges that from the beginning of her employment as a CSC, she was micromanaged by Williams and treated differently than her predecessor, Lopez.  (Id. ¶ 10; see also id. ¶¶ 11-17.)  Plaintiff alleges that this different treatment constituted race, national origin, and/or ancestry discrimination and sex discrimination.  (Id. ¶¶ 26, 32.)

On or about July 23, 2020, Plaintiff sent her Union President a complaint letter explaining the way Williams had been treating her and the various events that had occurred.  (Id. ¶ 18; Doc. No. 3-2, Ex. 1 at 5-7.)  Plaintiff alleges that Defendant retaliated against her after she filed this complaint letter.  (Doc. No. 1, Compl. ¶¶ 18, 20.)

On or about September 26, 2020, Plaintiff filed a formal complaint with the U.S. Equal Employment Opportunity Commission, Los Angeles District Office.  (Id. ¶ 22; Doc. No. 3-2, Ex. 1.)  On April 7, 2021, an administrative judge for the EEOC issued a decision entering summary judgment in favor of Defendant.  (Doc. No. 3-2, Ex. 11.)  On April 20, 2021, the EEOC issued a notice of final action, implementing the administrative judge's April 7, 2021 decision.  (Doc. No. 1, Compl. ¶ 22; Doc. No. 3-2, Ex. 12.)

On May 25, 2021, Plaintiff filed a complaint in this Court against Defendant, alleging claims for: (1) race, national origin, and/or ancestry discrimination in violation of Title VII of the Civil Rights Act of 1964 et seq. ("Title VII"); (2) sex discrimination in violation of Title VII; and (3) retaliation in violation of Title VII.  (Doc. No. 1, Compl. ¶¶ 23-40.)  By the present motion, Defendant moves to dismiss Plaintiff's claim for race, national origin, and/or ancestry discrimination in violation of Title VII for failure to

exhaust her administrative remedies.[1]  (Doc. No. 3 at 2, 7.)

## Discussion

## I.   Legal Standards for a Rule 12(b)(6) Motion to Dismiss[2]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted.  See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting

---

[1]     Defendant does not move to dismiss the other two claims in Plaintiff's complaint.  (See Doc. No. 3.)

[2]     Defendant filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that exhaustion under Title VII is a jurisdictional prerequisite to the Court's subject matter jurisdiction.  (Doc. No. 3 at 5-6.)  This is incorrect.

"The Supreme Court recently clarified that Title VII's claim-processing rules, while mandatory, are non-jurisdictional."  Cloud v. Brennan, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) (citing Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1850 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast.")); accord dela Cruz v. Brennan, No. 19-CV-01140-DMR, 2020 WL 1233886, at *4 (N.D. Cal. Mar. 13, 2020).  "However, a plaintiff 'must allege compliance with the [mandatory processing rule] . . . in order to state a claim on which relief may be granted.'"  Cloud, 436 F. Supp. 3d at 1302 (quoting Williams v. Wolf, No. 19-CV-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019)).  "Therefore, the court will consider Defendant's administrative exhaustion arguments under a Rule 12(b)(6) standard."  dela Cruz, 2020 WL 1233886, at *4.

*Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. *See* *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. *See* *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *See* *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see* *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

## II.   **Analysis**

In his motion to dismiss, Defendant argues that Plaintiff's claim for race, national origin, and/or ancestry discrimination in violation of Title VII should be dismissed with prejudice for failure to exhaust her administrative remedies. (Doc. No. 3 at 2, 6-7.) Specifically, Defendant argues that Plaintiff failed to properly exhaust her administrative remedies because she did not assert a claim for discrimination based on race, national origin, and/or ancestry in her underlying EEO complaint, and she did not timely amend her EEO complaint to include any such claim. (*Id.*)

"Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment

on the basis of race, color, religion, sex, or national origin." <u>Davis</u>, 139 S. Ct. at 1846. "In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." <u>Sommatino v. United States</u>, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e–16(c)). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002), <u>as amended</u> (Feb. 20, 2002) (citing 42 U.S.C. § 2000e–5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." <u>Id.</u> (internal quoting marks omitted).

"'Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" <u>Lyons v. England</u>, 307 F.3d 1092, 1104 (9th Cir. 2002). Nevertheless, courts must construe "the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" <u>B.K.B.</u>, 276 F.3d at 1100; <u>see also</u> <u>Green v. Los Angeles Cty. Superintendent of Sch.</u>, 883 F.2d 1472, 1476 (9th Cir. 1989) ("[T]he remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally."). "'[T]he crucial element of a charge of discrimination is the factual statement contained therein.'" <u>B.K.B.</u>, 276 F.3d at 1100. Thus, courts will "consider a plaintiff's claims to be reasonably related to allegations in the charge 'to the extent that those claims are consistent with the plaintiff's original theory of the case,' as reflected in the plaintiff's factual allegations and h[er] assessment as to why the employer's conduct is unlawful." <u>Lyons</u>, 307 F.3d at 1104 (quoting <u>B.K.B.</u>, 276 F.3d at 1100).

Defendant argues that Plaintiff failed to properly exhaust her administrative remedies because she failed to include a claim for race, national origin, and/or ancestry discrimination in her EEO complaint. (Doc. No. 3 at 6-7; Doc. No. 5 at 2-5.) In response, Plaintiff argues that she administratively exhausted her claim because the numerous

statements in her EEO complaint were sufficient to put Defendant on notice of such a claim. (Doc. No. 4 at 5-8.)

The Court acknowledges that in her EEO complaint, Plaintiff only checked the box for sex discrimination.  (Doc. No. 3-2, Ex. 1 at 1.)  Plaintiff did not check the boxes for race, color, or national origin discrimination.  (See id.)  Nevertheless, in the EEO complaint, Plaintiff states: "The circumstances that led to my complain[t] is detailed in my July 23, 2020 email to the USPS union . . . ."  (Id. at 3.)  In that email, Plaintiff asserted: "Foster never pestered Al, who is a black belt martial art instructor.  I'm a tiny Asian woman, who poses no threat, but vulnerability in my sincere desire to make an honest living.  Foster would never scold or put down a man like Al, but would yell at and intimidate Marilyn in a heartbeat."  (Id. at 7.)

Liberally construing the above allegations, these allegations are sufficient to exhaust Plaintiff's claim for race, national origin, and/or ancestry discrimination in violation of Title VII.  The Ninth Circuit has explained that in evaluating whether a plaintiff has exhausted her claims, the "crucial element" is the "factual statement" contained in the EEO complaint.  B.K.B., 276 F.3d at 1100.  Here, Plaintiff's factual statement contains sufficient allegations to exhaust her claim for race, national origin, and/or ancestry discrimination, in particular Plaintiff's assertion that she was treated differently because she is "a tiny Asian woman."  (Doc. No. 3-2, Ex. 1 at 7.)  In addition, in light of these allegations, Plaintiff's claim for race, national origin, and/or ancestry discrimination is consistent with her original theory of the case.  See Lyons, 307 F.3d at 1104.  As such, Plaintiff administratively exhausted her claim for race, national origin, and/or ancestry discrimination in violation of Title VII, and the Court declines to dismiss the claim.

///

///

///

21-cv-00991-H-JLB

## **Conclusion**

For the reasons above, the Court denies Defendant DeJoy's motion to dismiss Plaintiff's claim for race, national origin, and/or ancestry discrimination in violation of Title VII.  Defendant must file an answer to Plaintiff's complaint **within thirty (30) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: October 19, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT